UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE MIGUEL CHAVEZ-BARAHONA, | ) |
| | ) CASE NO. C15-222-JCC-MAT |
| Petitioner, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| NATHALIE ASHER, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |

INTRODUCTION AND BACKGROUND

Petitioner, a native and citizen of El Salvador, has been detained by U.S. Immigration and Customs Enforcement at the Northwest Detention Center in Tacoma, Washington, since November 7, 2014, under a reinstated order of removal. (*See* Dkt. 1.) He alleged a fear of return to El Salvador, and his withholding-only proceedings are pending. (*See id.*) Through counsel, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from detention or a bond hearing before an Immigration Judge ("IJ"). (*See Id.*) After being served, respondents moved to dismiss. (Dkt. 10.) The motion to dismiss is noted for April 17, 2015. (Dkt. 11.)

REPORT AND RECOMMENDATION
PAGE -1

On April 13, 2015, petitioner filed a motion for a temporary restraining order, seeking a bond hearing within the next seven days. (Dkt. 14.) Having considered petitioner's motion, the balance of the record, and the governing law, the Court recommends that the motion be denied.

## DISCUSSION

To obtain a temporary restraining order, a party must demonstrate: (1) the likelihood of success on the merits; (2) the likelihood of suffering irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (same substantive standard applies to temporary restraining orders and preliminary injunctions). Ninth Circuit law also allows for satisfaction of the first and third elements outlined in *Winter* by raising serious questions going to the merits of the moving party's case and a balance of hardships that tips sharply in the moving party's favor. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1135 (9th Cir. 2011) (adding that plaintiff must also show a likelihood of irreparable injury and that the injunction is in the public interest).[1]

In this case, petitioner is not entitled to a temporary restraining order because he has not shown a likelihood of success or serious questions going to the merits of his request for an immediate bond hearing. An immigration detainee is entitled to a bond hearing when his detention has become "prolonged." *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d

---

[1] The decision in *Winter* overruled Ninth Circuit law permitting a party to obtain a preliminary injunction merely by proving a "possibility" of irreparable harm. 555 U.S. at 22; *see also Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1187 (9th Cir. 2011) ("*Winter* did not change the requisite showing for any individual factor [in the preliminary injunction analysis] other than irreparable harm.").

942, 951 (9th Cir. 2008) (addressing prolonged detention under 8 U.S.C. § 1226(a)); *Diouf v. Napolitano*, 634 F.3d 1081, 1082 (9th Cir. 2011) (addressing prolonged detention under 8 U.S.C. § 1231(a)(6)).[2]  "As a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally beyond six months."  *Diouf*, 634 F.3d at 1092 n. 13; *see also id.* at 1091-92 (government must provide a bond hearing before an IJ to immigration detainees who are denied release in their six-month Department of Homeland Security custody reviews and whose release or removal is not imminent); *Rodriguez v. Robbins*, 715 F.3d 1127, 1136 (9th Cir. 2013) ("'alien's continuing detention becomes prolonged' at the 180-day mark") (quoting *Diouf*, 634 F.3d at 1091).  Petitioner acknowledges that he has not been detained for 180 days.  (Dkt. 13 at 2 ("In this case, the 180 days mark occurs on May 6, 2015).)  Accordingly, his detention is not yet prolonged and he is not entitled to an immediate bond hearing.  His request for a temporary restraining order should be denied.

## CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's motion for a temporary restraining order (Dkt. 14) be DENIED.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District

---

[2] The parties dispute whether petitioner is detained under § 1226(a) or § 1231(a)(6).  The Court need not resolve this issue now, however, because the answer does not affect petitioner's entitlement to an immediate bond hearing.

Judge's motions calendar for the third Friday after they are filed.   Responses to objections may be filed within **fourteen (14)** days after service of objections.   If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 1, 2015**.

DATED this 14th day of April, 2015.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -4