THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| JOSE MIGUEL CHAVEZ-BARAHONA, | CASE NO. C15-0222-JCC-MAT |
|---|---|
| Petitioner, | ORDER OF DISMISSAL |
| v. | |
| NATALIE ASHER, et al., | |
| Respondents. | |

This matter comes before the Court on Respondents' motion to dismiss Petitioner's

habeas petition as moot (Dkt. No. 20). Having thoroughly considered the parties' briefing and

the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion

for the reasons explained herein.

I.      BACKGROUND

Petitioner is a native and citizen of El Salvador who has been detained by U.S.

Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma,

Washington, since November 7, 2014, under a reinstated order of removal. (*See* Dkt. No.1.) In

his Petition for Writ of Habeas Corpus, Mr. Chavez requested either immediate release or an

individualized hearing before an immigration judge. (Dkt. No. 1 at 7.). The Report and

Recommendation ("R&R") issued by United States Magistrate Judge Mary Alice Theiler filed on

1   May 29, 2015 recommended that the Executive Office for Immigration Review ("EOIR")

2   provide Mr. Chavez with  a bond hearing within 14 days of the order on the R&R. (Dkt. No. 18

3   at 14.) Since the R&R was issued, the EOIR has conducted a bond hearing pursuant to Mr.

4   Chavez's request under *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011). (*See* Dkt. No. 20,

5   Ex. B., Immigration Judge Bond Order, June 9, 2015.) Respondents now move to dismiss the

6   habeas petition as moot, arguing that because Mr. Chavez received a bond hearing before an IJ,

7   the requirements of due process have been met and there is no other relief that the Court can

8   provide. (Dkt. No. 20.) *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008)

9   (holding the requirements of due process are satisfied once the alien receives a bond hearing

10  from a neutral adjudicator). Mr. Chavez opposes the motion, arguing that his habeas petition is

11  not moot because the Immigration Judge ("IJ") acted as a prosecutor rather than a neutral

12  adjudicator, and unlawfully and unconstitutionally refused to set bond. (Dkt. No. 22.)

13  **II.      DISCUSSION**

14          In order to challenge an IJ's bond determination under *Casas–Castrillon v. Department

15  of Homeland Security*, 535 F.3d 942 (9th Cir.2008), an alien must "appeal the decision to the

16  Board of Immigration Appeals (BIA)." *Leonardo v. Crawford*, 646 F.3d 1157, 1159 (9th Cir.

17  2011). If he is dissatisfied with the BIA's decision, he may then file a habeas petition in the

18  district court, challenging his continued detention. *Id.* Where the petitioner bypasses the BIA and

19  immediately files a habeas petition with a district court, it is appropriate for the district court to

20  dismiss the petition without prejudice, unless exhaustion is excused. *See id*. at 1160 (finding that

21  petitioner took an improper "short cut" where he petitioned for habeas review of IJ's adverse

22  bond determination before appealing to the BIA).

ORDER OF DISMISSAL
PAGE - 2

Here, Mr. Chavez obtained the individualized bond hearing before the IJ that he sought, but has not yet exhausted his administrative remedies by seeking review by the BIA. (*See* Dkt. No. 23 at 8.) While Mr. Chavez has argued that the Court has the ability to review his legal and constitutional claims (Dkt. No. 22 at 3), he has not demonstrated that the BIA is not properly equipped to address these claims, and he has not identified any other reasons that exhaustion should be excused. Thus, there are no alleged due process violations remaining for the Court to adjudicate. The habeas petition is, therefore, moot, and dismissal is appropriate.

## III.    CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss Petitioner's habeas petition as moot (Dkt. No. 20) is GRANTED. It is hereby ORDERED that Mr. Chavez's habeas petition (Dkt. No. 1) is dismissed without prejudice. Petitioner's objections to the R&R (Dkt. No. 21) are dismissed as moot.

DATED this 16 day of July 2015.


John C. Coughenour
UNITED STATES DISTRICT JUDGE